**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GEORGE P. MITCHELL,

Plaintiff,

v. CV 10-1206 WPL/GBW

ZIA PARK, LLC, d/b/a ZIA PARK & BLACK GOLD CASINO, and PENN NATIONAL GAMING, INC.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

George P. Mitchell has requested that the Court review the Clerk's order billing costs in the amount of $3,301.06. (Doc. 68.) Mitchell argues that he should not be billed for the costs of any depositions, which amounted to $3,266.06 of the costs assessed, because Defendants noticed, invoiced, and utilized these depositions in a different but related case. (*Id.* at 1-2.) Defendants have responded in opposition. (Doc. 69.) Mitchell's reply and notice of briefing complete were due by May 21, 2012, but neither has been filed to date. Having reviewed the pleadings and the relevant law, I find that the costs of the depositions may be taxed to Plaintiff, but I decline to award costs for the court reporter's mileage and hotel stay. Accordingly, the total costs assessed against Plaintiff amount to $2,206.07, plus the applicable New Mexico Gross Receipts Tax for the allowable deposition costs.

Under Federal Rule of Civil Procedure 54(d), the prevailing party is entitled to recover the costs that they expended in the course of the litigation. Congress has explained the costs that may be taxed by statute. *See* 28 U.S.C. § 1920. It is widely accepted that taxable costs include "[t]he costs

of taking and transcribing depositions reasonably necessary for litigation . . . ." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998). Indeed, this district's Local Rules specify that the reporter's charge for a deposition is taxable when the deposition is reasonably necessary to the litigation, which means that the deposition was admitted into evidence, used at trial for impeachment, or used by the Court in ruling on a motion for summary judgment. D.N.M.LR-Civ. 54.2(b). However, the court possesses discretion to base the cost award on the circumstances and equities of the specific case. *See Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1329 (10th Cir. 1998) (acknowledging the court's discretion to deny or partially deny costs); 10 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2668 (3d ed. 1998). Thus, when the court determines that costs were unreasonably high or unnecessary, it may deny a request for costs in whole or in part. *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1073-74 (citing *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000)).

In order to obtain a cost award, the prevailing party must first provide notice to the court and the opposing party. FED. R. CIV. P. 54(d). The clerk taxes costs after the opposing party has an opportunity to object to the notice. *See id.* Assuming that costs are taxed by the clerk, the opposing party may move for the court to review the clerk's bill of costs. *Id.* Courts review the clerk's assessment of costs de novo. *Sharon v. Yellow Freight Sys., Inc.*, 985 F. Supp. 1274, 1275 (D. Kan. 1997).

Common issues that arise in the assessment of costs include determining whether a party prevailed and, when the cost of a deposition is at issue, whether it was reasonably necessary for use in a case. Here, though, neither of these issues is before me. Instead, the question is quite straightforward: whether a prevailing party may recover costs from depositions of witnesses

identified in the case at hand that were unquestionably used in the case at hand if the depositions were noticed, invoiced and also utilized in a companion case. I conclude that they may.

Mitchell brought this lawsuit asserting that his employer harassed and retaliated against him after he participated in an investigation into claims of sexual harassment by his friend and former colleague, Shelly Chesser. Chesser also filed a lawsuit against the same Defendants alleging sexual harassment and retaliation. *See Chesser v. Zia Park*, No. CIV 10-1072 JCH/LAM. The factual circumstances were intimately intertwined, and it appears that Defendants conducted discovery in both cases at the same time using the heading of the earliest filed case, which was *Chesser*. A negotiated resolution was reached by the parties in the *Chesser* matter (*see* Doc. 68 at 2), but, in this case, I granted summary judgment in favor of Defendants (Doc. 61).

Following the entry of final judgment, Defendants requested costs for four depositions, those of Mitchell, Olga Randolph, Ahmad Mughni, and Pamela Rieathbaum Teer. As Mitchell states, each of these depositions was noticed and billed in the *Chesser* case. (Doc. 63 Ex. A; Doc. 68 at 2; Doc. 6.) However, Mitchell fails to acknowledge that he listed each of the deposed individuals as witnesses in this case. (Doc. 21 at 4-5.) Both Randolph and Mughni were specifically identified as witnesses for the defense as well; Defendants also stated that all persons listed by Mitchell were potential witnesses. (*Id.* at 6-7.) Portions of the depositions of Mitchell, Randolph, Mughni and Teer were attached to the pleadings related to the motion for summary judgment and were utilized by the Court. (*See* Doc. 48; Doc. 54; Doc. 61.)

Mitchell would like the Court to focus on the case heading of the deposition invoices. However, that ignores the focus of the law: whether the depositions were reasonably necessary for use in the case. The law does not state that the depositions must have been noticed and invoiced in

the case or that they cannot be utilized in another case. Because Mitchell does not dispute that the depositions were reasonably necessary in resolving this case, the inquiry ends here.

Though I have found few published cases addressing this issue within the Tenth Circuit, the only case I have found confronting a similar factual scenario took the same approach. *See Ortega v. IBP, Inc.*, 883 F. Supp. 558 (D. Kan. 1995). In *Ortega* and a companion case, *Tovar v. IBP, Inc.*, depositions of all parties relevant to both cases were taken only once. *Id.* at 561. At trial, Ortega prevailed, but Tovar's case was dismissed prior to trial; nonetheless, Ortega sought reimbursement for the costs of depositions that were utilized in both cases. *Id.* The defendant objected to the bill of costs. *Id.* The court allowed the plaintiff to tax the costs of all depositions that were either court approved and/or included on the plaintiff's witness list. *Id.* To arrive at that decision, the court focused on the issue of whether the depositions were reasonably necessary to the trial. *Id.* This is the same principle that I applied here to find that the deposition costs are taxable.

While the deposition costs may be taxed to Mitchell, I find that, in conducting these depositions, Defendants incurred costs that would be unjust to award. Specifically, Defendants used a reporting service based in Albuquerque for two sets of depositions. (*See* Doc. 63 Ex. A 1, 3.) On both occasions, the service billed for mileage to and from Hobbs. (*Id.*) On one occasion, the service also billed for a hotel stay. (*Id.* at 1.) For the third set of depositions at issue, Defendants used a reporting service based in El Paso that did not bill for mileage. (*Id.* at 2.) Because services were available that would have reduced the costs, including the El Paso based reporting service and court reporters based in Hobbs, I will not allow Defendants to recover for their reporter's mileage and hotel stay. *See W. Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1237 (5th Cir. 1988) ("Section 1920 permits recovery only of the court reporter's fee for a transcript, not

of the reporter's travel expenses.").

In addition, Defendants billed for the cost of the electronic file of the Chesser deposition and the full amount of the New Mexico Gross Receipts Tax for all depositions, including the portion of the tax applicable to the Chesser deposition. Chesser's deposition was not and could not be billed in this case. Furthermore, some of the costs billed in the deposition invoices have not been allowed, rendering the tax amount unjust. While Defendants may recover the portion of the tax that applies to the costs that I have allowed, they may not bill for the additional tax applicable to the disallowed costs.

In summary, the total costs allowed amount to **$2,206.07**, plus the applicable New Mexico Gross Receipts Tax for the allowable deposition costs, broken down as follows:

1. Deposition of Mitchell:
   - Deposition $1,097.40
   - Exhibits $21.00
   - Electronic file (1) $5.00
   - *Applicable Gross Receipts Tax, to be determined by Defendants*
2. Depositions of Randolph and Mughni:
   - Total $429.62
3. Deposition of Teer:
   - Deposition $609.15
   - Exhibits $3.90
   - Electronic file $5.00
   - *Applicable Gross Receipts Tax, to be determined by Defendants*
4. Undisputed Copying Costs:
   - Total $35.00

A total of $1,174.99 in requested costs shall not be assessed against Mitchell, described as follows:

1. Deposition of Mitchell:
   - Electronic file (1) $5.00
   - Mileage $358.53
   - Hotel $134.26
   - Full Tax Amount $195.41
2. Deposition of Teer:
   - Mileage $358.53

Full Tax Amount $43.26

3. Undisputed Witness and Service of Process Fees:

Total $125.45

IT IS THEREFORE ORDERED that Defendants' Motion for Bill of Costs (Doc. 63) is granted in part and denied in part, as described herein, and Mitchell's objections to the bill of costs, as stated in his Motion to Review Bill of Costs (Doc. 68), are granted in part and denied in part.

William P. Lynch

William P. Lynch
United States Magistrate Judge

A true copy of this order was served on the date of entry--via mail or electronic means--to counsel of record and any *pro se* party as they are shown on the Court's docket.